```
VINCENT H. CHIEFFO (SBN 49069)
RAYMOND B. KIM (SBN 162756)
WENDY M. MANTELL (SBN 225544)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Chieffov@gtlaw.com, KimR@gtlaw.com;
MantellW@gtlaw.com

Attorneys for Plaintiff
Aurora World, Inc.
```



FILED
CLERK, U.S. DISTRICT COURT
NOV 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

AURORA WORLD, INC.,

    Plaintiff,

vs.

TY, INC.,

    Defendants.

CASE NO. CV09-8463 MMM (Ex)

**COMPLAINT FOR:**

1) VIOLATIONS OF THE COPYRIGHT ACT, 17 U.S.C. §§ 101 *et seq.*

2) VIOLATIONS OF THE LANHAM ACT, 15 U.S.C. §§ 1051, *et seq.*

3) VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

4) COMMON LAW MISAPPROPRIATION;

5) COMMON LAW UNFAIR COMPETITION

**DEMAND FOR JURY TRIAL**

---

COMPLAINT

LA 128,504,937 v.5 059949-011500

Plaintiff Aurora World, Inc. ("Aurora World" or "Plaintiff"), by its undersigned counsel, brings the following complaint against defendant Ty Inc. ("Ty" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit arises out of Ty's infringement and misappropriation of Aurora World's intellectual property, specifically, its copyrighted, trademarked, and highly successful YooHoo & Friends plush animals. This is an action for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, false designation of origin, unfair competition, trade dress infringement, passing off and false advertising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act") and California state law. Because Ty's infringement and misappropriation has caused and is causing Aurora World irreparable harm, Aurora World is seeking preliminary and permanent injunctions. Aurora World also seeks actual and statutory damages, attorneys' fees, punitive damages, and such other relief as is deemed appropriate.

## PARTIES

2. Aurora World is a corporation organized and existing under the laws of the State of California. Aurora World's principal place of business is in Pico Rivera, California.

3. On information and belief, Ty is a corporation, organized and existing under the laws of the State of Delaware. On further information and belief, Ty's principal place of business is in Westmont, Illinois.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq* and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), 17 U.S.C. § 501, and 15 U.S.C.

1

**COMPLAINT**

§§ 1116 and 1121 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Ty because Ty does and transacts business in this district, and Ty has distributed or sold infringing merchandise within this district. Hence, a substantial part of the events giving rise to the claims alleged herein occurred in and continues to occur in this district.

6. Venue is proper pursuant to 28 USC §§ 1391 (b)(2) and (c).

## COMMON ALLEGATIONS

### Aurora World's YooHoo & Friends Plush Toys

7. Aurora World is one of the world's leading companies for high-end, soft toy designs in the global gift industry. Since its establishment, the company has focused on its top quality and innovative design for both play and collectable toys.

8. In or before January 2007, Aurora World launched its YooHoo & Friends brand of plush toy characters. YooHoo & Friends is a virtual world based on characters created by Aurora World. The characters, including the "YooHoos" and others, are based on animals, some of which are endangered species.

9. The YooHoo & Friends products include a website, catalog, animation series currently on the air in Korea, and plush toys, and other peripheral items such notepads, pins and keychains. Aurora World also is pursuing co-marketing opportunities with several nationwide retail chains, national restaurants, and recreation sites to expand its successful YooHoo & Friends brand. The YooHoo & Friends products have been sold throughout the world, in Korea, the United Kingdom, and Saudi Arabia, among other places.

//

//

//

10. Examples of YooHoo & Friends products include:

   

Bush Babies    Lemur    Panda    Penguin    Koala

11. Aurora World also has created and sold specialty YooHoo & Friends products for particular holidays or special events, such as Easter, Valentine's Day, and school graduation.

12. All of the YooHoo & Friends characters created by Aurora World are protected under the Copyright Laws of the United States. These rights under copyright are valid and subsisting. Aurora World has obtained or has applied for Certificates of Copyright Registration issued by the Register of Copyrights for the YooHoo & Friends products. Copies of these certificates and applications are attached and incorporated herein by this reference as Exhibit A.

13. Since launching the YooHoo & Friends brand, Aurora World has spent substantial time, energy, and effort creating and promoting YooHoo & Friends. Aurora World's efforts met with instant success. The YooHoo & Friends plush toys have generated millions of dollars in revenue worldwide.

14. The YooHoo & Friends characters possess distinctive design and other trade features (the "YooHoo Trade Dress") closely associated with Aurora World in the eyes of the public, its consumers, and the plush toy industry. For years, Aurora World has been engaged in the business of designing, manufacturing, developing, and marketing the YooHoo & Friends characters incorporating the YooHoo Trade Dress. The YooHoo & Friends toys incorporating the YooHoo Trade Dress have been marketed, distributed, offered for sale and sold throughout the world, including throughout the United States.

15. As a result of the popularity and distinctiveness of the YooHoo & Friends products, Aurora World has developed trademark rights in its characters in addition to its rights under copyright. Consistent with these trademark rights, Aurora World maintains strict quality control and physical control over the use and distribution of the YooHoo & Friends products.

16. The brand name YOOHOO is also an international trademark owned by Aurora World (the "YOOHOO Mark"). In addition, Aurora World currently has an application to register the YOOHOO Mark with the United States Patent and Trademark Office, application serial number 79066968.

17. Aurora World's continuous and broad use of the YOOHOO Mark and YooHoo Trade Dress has expanded its renown and enabled it to achieve success in the plush toy market.

18. The YOOHOO Mark and YooHoo Trade Dress have been widely promoted, both in the United States and throughout the world. The public, customers, and the toy industry have come to recognize that the YooHoo & Friends products bearing the YOOHOO Mark and YooHoo Trade Dress originate with Aurora World.

19. Customers, potential customers, and members of the public associate the YooHoo & Friends toys and the YooHoo Trade Dress with products of top quality and innovative design that originate with Aurora World.

### Ty's Infringing Beanie Boos

20. Ty is one of Aurora World's direct competitors in the plush toy market.

21. On information and belief, some time in 2009, Ty released a line of animal plush characters called the "Beanie Boos."

22. The Beanie Boos are strikingly similar imitations of the YooHoo & Friends characters.

23. Ty, without authorization or license from Aurora World, has knowingly and willfully used, reproduced and/or copied the YooHoo & Friend products, and the YooHoo Trade Dress in connection with distributing, exporting, advertising, offering for

sale, and selling in interstate, intrastate and international commerce, including commerce in the State of California and in this judicial district, the Beanie Boos, which are infringing copies of Aurora World's YooHoo & Friends products. For example, the Beanie Boos (depicted on the right below) are infringing copies of YooHoo & Friends (depicted on the left below).

   

Aurora World's YooHoo & Friends              Ty's Beanie Boos

24. On information and belief, Ty has eight different toy styles in its Beanie Boos product line.

25. The Beanie Boos are not Aurora World products. Aurora World did not create, manufacture, inspect or package the Beanie Boos and did not approve the Beanie Boos for sale and/or distribution.

26. Ty's sale of the Beanie Boos, and its use of the YooHoo Trade Dress in connection with the sale of the Beanie Boos, constitutes unauthorized and unlicensed reproductions of the YooHoo & Friends products, constitutes copyright infringement, and is likely to cause confusion, or to cause mistake or to deceive consumers in the relevant marketplace.

27. On October 12, 2009, Aurora World advised Ty in writing of Aurora World's ownership of its copyrights and trademarks and demanded that Ty immediately cease and desist from further infringement of the YooHoo & Friends products and

YooHoo Trade Dress, and all activities related thereto. Ty has failed and refused, and continues to fail and refuse, to comply with Aurora World's request.

28. Ty's unlawful activities damage Aurora World by causing actual confusion and likelihood of confusion in the marketplace. Such confusion harms Aurora World's reputation and goodwill. It also diminishes the value of the YOOHOO Mark and YooHoo Trade Dress by erroneously associating them with Ty rather than Aurora World.

29. Ty's wrongful acts accordingly have resulted in substantial harm to Aurora World in its reputation, loss of goodwill, lost profits, attorneys' fees, and other pecuniary damages. Unless enjoined by this Court, Ty will continue these acts, thereby causing further immediate and irreparable damage to Aurora World.

## COUNT ONE
### (Copyright Infringement)

30. Aurora World repeats and realleges the allegations of paragraphs 1 through 29 of this complaint as if set forth fully herein.

31. Aurora World is the copyright owner or the owner of exclusive rights under copyright with respect to the plush toy designs of the YooHoo & Friends products for which Aurora World has obtained or has applied for Certificates of Copyright Registration issued by the Register of Copyrights. Copies of these certificates and applications are attached hereto as Exhibit A.

32. Ty has never sought, and Aurora World has never granted to Ty, any license to make or market unauthorized and unlicensed copies of Aurora World's YooHoo & Friends products.

33. By creating, manufacturing, distributing, offering for sale, and selling to customers its Beanie Boos products, which are substantially and strikingly similar to Aurora World's YooHoo & Friends products, Ty has infringed Aurora World's copyrights in its YooHoo & Friends products. Ty is continuing its unlicensed and infringing activities.

34. Ty's unauthorized acts constitute presently, and will continue to constitute, willful infringement of Aurora World's exclusive rights under copyright to YooHoos & Friends and Aurora World's copyrights in the YooHoo & Friends products. Ty has unlawfully derived, and will continue to derive, income and profits from its infringing acts. Aurora World has sustained, and will continue to sustain, substantial injury, loss, and damage.

35. As a direct and proximate result of Ty's acts of copyright infringement, Aurora World is entitled to actual damages and Ty's profits pursuant to 17 U.S.C. § 504(b). Alternatively, Aurora World is entitled to the maximum statutory damages in the amount of $150,000 with respect to each infringed copyright pursuant to 17 U.S.C. § 504(c).

36. Aurora World also is entitled to its attorneys' fees pursuant to 17 U.S.C. § 505.

37. Ty's conduct is causing and, unless enjoined by this Court, will continue to cause irreparable injury to Aurora World that cannot be fully compensated or measured in money damages. Aurora World has no adequate remedy at law and, pursuant to 17 U.S.C. § 502, is entitled to preliminary and permanent injunctive relief prohibiting Ty from continuing to infringe Aurora World's copyrights.

## COUNT TWO

### (Violation of the Lanham Act, 15 U.S.C. § 1125(a))

38. Aurora World repeats and realleges the allegations of paragraphs 1 through 37 of this complaint as if set forth fully herein.

39. The Beanie Boos products sold and offered for sale by Ty are of the same general nature and type as the YooHoo & Friends products sold and offered for sale by Aurora World. As such, Ty's use is likely to cause and has caused confusion among the general purchasing public.

40. By misappropriating and using the YooHoo Trade Dress and offering for sale and selling the Beanie Boos, Ty has misrepresented and falsely described to the

general pubic the origin and source of the Beanie Boos and created a likelihood of confusion for ultimate purchasers as to both the source and sponsorship of such merchandise.

41. Ty's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale, and/or sale of the Beanie Boos creates express and implied misrepresentations that the Beanie Boos were created, authorized, or approved by Aurora World, all to Ty's profit and Aurora World's great damage and injury, and constitute false designations of origin and false representations in commerce.

42. The acts of Ty complained of herein constitute an attempt to trade on the goodwill that Aurora World has developed in the YooHoo Trade Dress and YooHoo & Friends products, all to Aurora World's damage.

43. Ty's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Ty's use of the YooHoo Trade Dress and imitations of the YooHoo & Friends products, in connection with its goods and services in interstate commerce, constitutes trade dress infringement and unfair competition.

44. Ty engaged in the above-mentioned acts in an intentional, willful, malicious, and oppressive manner in conscious disregard of Aurora World's rights.

45. As a result of Ty's willful acts, Aurora World has suffered and incurred, and continues to suffer and incur, irreparable injury, loss of reputation, and pecuniary damages. Pursuant thereto, Aurora World is entitled to three (3) times the amount of actual damages and Ty's profits in amounts to be proven at trial, in addition to attorneys' fees. Unless enjoined by this Court, Ty will continue these acts, thereby causing Aurora World further immediate and irreparable harm.

46. Aurora World has no adequate remedy at law, and if Ty's activities are not enjoined, Aurora World will continue to suffer irreparable harm and injury to its goodwill and reputation.

//

# COUNT THREE

## (Unfair Competition Under California Business and Professions Code § 17200, *et seq.*)

47. Aurora World repeats and realleges each and every allegation contained in paragraphs 1 through 46 of this complaint as if set forth fully herein.

48. Ty's aforesaid acts are likely to cause injury to Aurora World's reputation and result in Ty unfairly competing with Aurora World in violation of California Business and Professions Code § 17200, *et seq.* (California's Unfair Competition Law, the "UCL").

49. Ty's actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

50. Ty's actions as alleged above violate the "unlawful" prong of the UCL because they also constitute violations of the state laws and federal statutes set forth above and below.

51. Ty's conduct has injured Aurora World, and unless enjoined, will continue to cause great, immediate, and irreparable injury to Aurora World.

52. Ty's conduct has caused an actual loss of money and property to Aurora World, in that Aurora World has suffered and incurred, and continues to suffer and incur, irreparable injury, loss of reputation, and pecuniary damages, including profits from the substantial time, effort, and energy spent by Aurora World in creating the YooHoo Trade Dress and YooHoo & Friends products.

53. Aurora World is without an adequate remedy at law.

54. Aurora World is therefore entitled to injunctive relief and an order for restitutionary disgorgement of all of Defendant's ill-gotten gains pursuant to California Business and Professions Code § 17203.

## COUNT FOUR

## (Common Law Misappropriation)

55. Aurora World repeats and realleges each and every allegation contained in paragraphs 1 through 54 of this complaint as if set forth fully herein.

56. Ty's use of the distinctive design and other trade features of the YooHoo & Friends products and the YooHoo Trade Dress in its Beanie Boos, and Ty's offering for sale and sale of the Beanie Boos, constitute knowing and willful misappropriation.

57. Aurora World invested substantial time, effort and money into creating the distinctive design and other trade features of the YooHoo & Friends products, and as such, has built valuable intellectual property in YooHoo & Friends.

58. Ty has appropriated the distinctive design and other trade features of the YooHoo & Friends toys and the YooHoo Trade Dress at little or no cost to Ty, such that Ty's actions may be characterized as reaping where it has not sown.

59. Ty's continued use of the YooHoo Trade Dress, and Ty's offering for sale and sale of the Beanie Boos, is likely to cause mistake, confuse, or deceive the general public, and such use already has caused actual mistake, confusion, or deception of the general public.

60. Ty's continued use of the YooHoo Trade Dress, and Ty's offering for sale and sale of the Beanie Boos, has caused and is continuing to cause irreparable injury to Aurora World's reputation and goodwill. Unless such use is restrained, Ty will continue to cause harm to Aurora World.

61. Aurora World is therefore entitled to: (a) preliminarily and permanently enjoin Ty and its officers, agents, servants, employees, and all persons acting in concert with or on its behalf from using the YooHoo Trade Dress or any confusingly similar variation, or colorable imitation thereof, in connection with the sale, offering for sale, and/or marketing of Ty's products; (b) damages in an amount to be proven at trial; and (c) an accounting of all profits from all goods sold by Ty through its improper use.

62. Ty's actions were in bad faith, in conscious disregard of Aurora World's rights, and performed with the intention of depriving Aurora World of its intellectual property rights. Accordingly, Ty's conduct merits an award of punitive damages in an amount sufficient to punish Ty and deter such conduct in the future.

## COUNT FIVE

### (Common Law Unfair Competition)

63. Aurora World repeats and realleges each and every allegation contained in paragraphs 1 through 62 of this complaint as if set forth fully herein.

64. Ty has used and is using the distinctive design and other trade features of YooHoo & Friends and the YooHoo Trade Dress in its Beanie Boos and offering for sale and sale of the Beanie Boos which constitutes copyright infringement. Ty has knowingly and willfully misappropriated Aurora World's distinctive design and YooHoo trade dress, thereby trading on Aurora World's substantial time, energy and effort, and resulting in confusion in the relevant marketplace throughout the United States and the world.

65. Ty's acts have caused damage to Aurora World's goodwill and reputation and has caused pecuniary damage to Aurora World in an amount to be proven at trial.

66. Ty engaged in the above-mentioned acts in an intentional, malicious, and oppressive manner in conscious disregard of Aurora World's rights. Accordingly, Aurora World is entitled to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Aurora World demands judgment as follows:

A. Preliminarily and permanently restraining and enjoining Ty, its officers, agents, servants, employees, and all persons acting in concert with or on its behalf from advertising, forwarding, displaying (either on a website or otherwise), selling, offering for sale, or in any way commercially exploiting the Beanie Boos, as well as any and all other products that are unlawful and unauthorized copies of the YooHoo & Friends products.

B.    Preliminarily and permanently restraining and enjoining Ty, its officers, agents, servants, employees, and all persons acting in concert with or on its behalf from any further conduct suggesting or tending to suggest that any products it distributes, promotes, or offers for sale are directly or indirectly sponsored by, approved by, or affiliated with Aurora World.

C.    For an award of Ty's profits and actual monetary damages sustained by Aurora World in such amounts as may be found, and as enhanced by reason of Defendant's intentional copyright infringement; or in lieu thereof, if elected by Plaintiff, for the maximum statutory damages as permitted under the Copyright Act; and for such other amounts as may be proper under 17 U.S.C. 504; and for an order preliminarily and permanently enjoining Ty from infringing Aurora World's copyrighted works; and for an award of costs and attorneys' fees pursuant to 17 U.S.C. 505.

D.    For an award of Ty's profits and actual monetary damages sustained by Aurora World in such amounts as may be found, and as enhanced by reason of Defendant's intentional use of false designations of origin and use of false representations in commerce, and an amount for correcting the damage incurred by reason of Defendant's trade dress infringement and false advertising; and for such other amounts as may be proper pursuant to 15 U.S.C. 1117; and for an award of costs and attorneys' fees pursuant to 15 U.S.C. 1117.

E.    Ordering Ty to disgorge all of its ill-gotten gains pursuant to California Business & Professions Code § 17203.

F.    Directing that Ty pay Aurora World the costs of this action, including Aurora World's reasonable attorneys' fees incurred herein.

G.    For an award of punitive damages in an amount sufficient to punish and deter Ty.

H.    For an award of pre-judgment and post-judgment interest on any monetary awards.

I. Granting Aurora World any other and further relief as the Court may deem just and proper.

November 17, 2009                    GREENBERG TRAURIG, LLP

By: _____
Vincent H. Chieffo
Raymond B. Kim
Wendy M. Mantell

Attorneys For Plaintiff
Aurora World, Inc.

LA 128,504,937 v.5  059949-011500

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38(b), Plaintiff hereby demands a jury trial on all issues so triable that are raised by this complaint.

DATED: November 17, 2009              GREENBERG TRAURIG, LLP

By: _____
Vincent H. Chieffo
Raymond B. Kim
Wendy M. Mantell

Attorneys for Plaintiff
Aurora World, Inc.