UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| AURORA WORLD, INC., | CASE NO. CV09-8463 MMM (Ex) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL |
| vs. | |
| TY, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

Having reviewed the Stipulation and Proposed Protective Order Governing the Use of Confidential Material signed by the parties to this action and filed with the Court on May 26, 2010, the Court hereby enters the terms of the Stipulation as an Order of this Court, as follows:

1. This Protective Order shall govern all Discovery Materials produced or disclosed during this litigation by any party, or its counsel, retained experts,

PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL
LA 128,871,453v1 5-25-10

1  directors, officers, employees, or agents (referred to herein collectively as
2  "Representatives") (the "Producing Party") to any other party or its Representatives
3  (the "Receiving Party"). The term "Discovery Materials" shall mean and include
4  Documents (as defined below); answers to interrogatories; responses to requests for
5  admissions; depositions; expert reports; briefs, memoranda, or writings filed with or
6  otherwise supplied to the Court; and such other materials and information as may be
7  produced or disclosed between the parties during the course of discovery in this
8  litigation. The term "Documents" shall mean every means of recording any form of
9  communication or representation upon any tangible thing, including letters, words,
10 pictures, sounds, or symbols, or combinations thereof, whether recorded by
11 handwriting, printing, photostatic, or photographic means, magnetic impulse, tape,
12 computer disk, CD-ROM or any other form of data storage, data compilation, or
13 mechanical or electronic recording, and all other tangible things which come within
14 the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence,
15 or within the meaning of "document" or "tangible thing" contained in Rule 34 of the
16 Federal Rules of Civil Procedure.
17     2.  The term "CONFIDENTIAL INFORMATION" shall mean and include
18 non-public confidential information of or in the possession of the Producing Party as
19 to which the Producing Party considers in good faith to contain Trade Secrets (as that
20 term is defined in California Civil Code § 3426.1)[1] or confidential business,
21 financial, or technical information that may be protected from public disclosure
22 under the Federal Rules of Civil Procedure or California law, including without
23 limitation non-public financial information regarding the party's goods, services and

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

**PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL**
LA 128,871,453v1 5-25-10

1  businesses and potential businesses, including cost information, and profit and loss
2  information; non-public financial projections and forecasts; internal P&L statements
3  and other non-public financial and economic information including financial
4  analyses, budgets, sales projections and forecasts; non-public information regarding
5  business development, marketing and sales plans; non-public surveys; non-public
6  technical information including non-public engineering, manufacturing and
7  commercial information and know-how; non-public competitive analyses; customer
8  and member information; confidential agreements with third parties; confidential
9  communications with third parties; information received from third parties under
10 conditions of confidentiality, for example, pursuant to non-disclosure agreements or
11 confidentiality provisions; source code, proprietary databases and other proprietary
12 electronically stored information.

13     3.     The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean
14 the information that meets the definition of "CONFIDENTIAL INFORMATION"
15 contained in paragraph 2 above, and that, if disclosed to a business competitor,
16 would tend to damage the disclosing party's competitive position. The parties agree
17 that ATTORNEYS' EYES ONLY information should be produced on more
18 restrictive terms than other CONFIDENTIAL INFORMATION to reduce the risk of
19 competitive harm.

20     4.     Any Discovery Materials filed with the Court or produced or provided
21 by any party or non-party in the course of discovery or other proceedings in this
22 action may be designated by such party or non-party as CONFIDENTIAL
23 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION so long as a
24 good faith and reasonable basis exists for such a designation.

25     5.     The term "Counsel" shall mean attorneys of the firms of Greenberg
26 Traurig, LLP; Connolly Bove Loge & Hutz LLP; and Husch Blackwell Sanders
27 Welsh & Katz, LLP; supporting personnel employed by the attorneys, such as
28

1  paralegals, translators, secretaries, clerks, shorthand reporters and document copiers,
2  or Independent Experts or Consultants (as defined in Paragraph 6 below) retained to
3  provide litigation support services to the attorneys in connection with the trial of this
4  action.

5       6. An "Independent Expert or Consultant" is any person or organization
6  with whom Counsel or a party may deem it necessary to consult concerning
7  technical, financial or other aspects of this case for the preparation or trial thereof
8  and who has complied with this Paragraph 6. A "Consumer Survey Expert" is an
9  "Independent Expert or Consultant" who: (i) is not employed by any party to the
10 case; (ii) possesses expertise in the design and execution of consumer behavior
11 survey research, such as (but not limited to) conducting consumer surveys of
12 secondary meaning or likelihood of confusion; and (iii) is retained in this case to
13 render advice and/or testimony about surveys on consumer behavior relevant to this
14 matter.

15      (a) For every "Independent Expert or Consultant" except for a
16 "Consumer Survey Expert," the following provisions apply: A party wishing to
17 disclose another party's CONFIDENTIAL INFORMATION and/or ATTORNEYS'
18 EYES ONLY INFORMATION to an Independent Expert or Consultant must first,
19 prior to disclosure of CONFIDENTIAL INFORMATION and/or ATTORNEYS'
20 EYES ONLY INFORMATION, provide the name and CV of the proposed
21 Independent Expert or Consultant to opposing counsel, as well as a signed Non-
22 Disclosure Agreement attached hereto as Exhibit A. Counsel receiving such
23 notification of proposed disclosure has ten (10) Court days to object to the disclosure
24 of CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY
25 INFORMATION to the proposed Independent Expert or Consultant. Any such
26 objection raised must be for good cause based upon legitimate likelihood of
27 competitive business harm that would result from disclosure to the contemplated
28

**PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL**
LA 128,871,453v1 5-25-10

1 "Independent Expert or Consultant." If an objection is raised in the ten day period,
2 no disclosure of CONFIDENTIAL INFORMATION, including ATTORNEYS'
3 EYES ONLY INFORMATION, shall be made to the proposed Independent Expert or
4 Consultant absent agreement of the parties or Court Order permitting such disclosure.
5 No Independent Expert or Consultant may be shown any CONFIDENTIAL
6 INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, until
7 the requirements of this paragraph and subparagraph have been fulfilled, and such
8 person or organization reads this Protective Order and agrees to be bound by its terms
9 by signing the Non-Disclosure Agreement attached hereto as Exhibit A.
10       (b) For any Consumer Survey Expert, the following provisions apply:
11 A party wishing to disclose another party's CONFIDENTIAL INFORMATION
12 and/or ATTORNEYS' EYES ONLY INFORMATION to a Consumer Survey Expert
13 must first obtain a signed Non-Disclosure Agreement attached hereto as Exhibit A
14 from the Consumer Survey Expert and the Consumer Survey Expert must agree to be
15 bound by the provisions of this Order. No Consumer Survey Expert may be shown
16 any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY
17 INFORMATION, until the requirements of this paragraph and subparagraph have
18 been fulfilled. The party who has retained such an Consumer Survey Expert shall
19 keep the original Non-Disclosure Agreement signed by the Independent Expert or
20 Consultant and, if requested, make it available for inspection or copying
21    7. Except as provided for below in Paragraphs 8 and 9, any Discovery
22 Materials containing or including any CONFIDENTIAL INFORMATION shall be
23 designated as such by the Producing Party by stamping or labeling it with, or
24 otherwise affixing thereto, the following legend on every page of the Document:

**CONFIDENTIAL**

26    8. Except as provided for in Paragraph 9 below, any Discovery Materials
27 containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be
28

**PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL**
LA 128,871,453v1 5-25-10

1 designated as such by the Producing Party by stamping or labeling it with, or
2 otherwise affixing thereto, the following legend on every page of the Document:

### CONFIDENTIAL - ATTORNEYS' EYES ONLY

4     9.    All CONFIDENTIAL INFORMATION, including ATTORNEYS'
5 EYES ONLY INFORMATION, not reduced to documentary or tangible form or
6 which cannot be conveniently designated in the manner set forth in Paragraphs 7 and
7 8 above shall be designated by the Producing Party by informing the Receiving Party
8 in writing of the appropriate designation.

9     10.   If a Producing Party discloses Discovery Materials which it later
10 determines was not, but should have been, designated CONFIDENTIAL
11 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, the Producing
12 Party may so designate such Discovery Material by serving a written notice upon the
13 Receiving Party within ten (10) Court days of learning of the incorrect designation,
14 along with a copy of such Discovery Materials marked with the appropriate
15 designation. The Receiving Party shall then destroy or return to the Producing Party
16 all unmarked copies of such Discovery Materials within ten (10) Court days and
17 certify in writing that it has done so.

18     11.   If a Receiving Party wishes to challenge a Producing Party's designation
19 of Discovery Materials as CONFIDENTIAL INFORMATION or ATTORNEYS'
20 EYES ONLY INFORMATION, the Receiving Party may, at any time, notify the
21 Producing Party in writing that it requests a redesignation or release of
22 confidentiality, stating the basis for its request. Within ten (10) Court days of such a
23 written request, the Producing Party shall either (1) grant in writing the request; or
24 (2) communicate in writing its refusal to do so, stating the basis for its refusal. If the
25 Producing Party fails to communicate in writing its refusal to release confidentiality
26 within ten (10) Court days, the Producing Party shall be deemed to have agreed to
27 the request to redesignate the Discovery Materials at issue. If a refusal is made, the
28

**PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL**
LA 128,871,453v1 5-25-10

1  parties shall make a good faith effort to resolve the matter without Court
2  intervention. If a refusal is made and not resolved by the parties, the Receiving Party
3  shall file, within ten (10) Court days of such written request for release, a motion
4  with the Court in support of its request for redesignation or release of confidentiality
5  in which the Receiving Party shall bear the burden of showing its need for additional
6  disclosure, but the Producing Party shall bear the burden of showing the
7  appropriateness of the confidentiality designation. If the Receiving Party fails to file
8  a motion in the prescribed time, the Receiving Party shall be deemed to have
9  withdrawn its objection. Discovery Materials designated CONFIDENTIAL
10 INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be given
11 the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY
12 INFORMATION treatment provided for in this Protective Order until the parties
13 resolve the matter, the refusal to release confidentiality is withdrawn, or the Court
14 orders re-designation of the Discovery Materials.
15      12.    In the event the Producing Party elects to produce CONFIDENTIAL
16 INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, for
17 inspection by the Receiving Party before copying, no marking need be made by the
18 Producing Party in advance of the inspection, but the Producing Party shall inform
19 the Receiving Party of the intended designation of the Discovery Materials to be
20 inspected. The Receiving Party shall treat all such CONFIDENTIAL MATERIAL,
21 including ATTORNEYS' EYES ONLY INFORMATION, inspected, during the
22 inspection and thereafter, pursuant to this Protective Order. Should Documents be
23 copied by or for the Receiving Party, the Producing Party shall mark the copies of
24 such Documents as may contain protected subject matter with the appropriate
25 confidentiality marking at the time the copies are produced to the Receiving Party.

**PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL**
LA 128,871,453v1 5-25-10

13. Whenever a deposition taken on behalf of any party involves the reference to or disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION:

(a) the deposition or portions thereof (including exhibits) that contain CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be so designated by a statement to such effect on the record in the course of the deposition; or upon review of such transcript, by counsel for the party whose CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION has been disclosed. Counsel for the disclosing party must designate CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION within twenty (20) Court days after receiving the transcript by so designating on a separate piece of paper the number of the pages of the transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, inserting the list at the end of the transcript, and serving copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed ATTORNEYS' EYES ONLY INFORMATION. If no designation is made within the prescribed time, the transcript shall be considered not to contain CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, other than those portions designated on the record during the deposition, if any; and

(b) either party shall have the right to exclude from attendance at said deposition, during such time as the CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, is to be referenced or disclosed, every individual excluding the deponent and his attorney, the court reporter and those individuals authorized under this Protective Order to receive the CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION.

14. All Discovery Materials designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be treated as confidential by the Receiving Party and shall not be used by the Receiving Party for any purpose other than in connection with this litigation unless and until such designation is removed by agreement of Trial Counsel or by Order of the Court.

15. Except as provided herein, all Discovery Materials designated as ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants (including Consumer Survey Experts) who have complied with Paragraph 6; and (iii) the Court, pursuant to the terms of this Protective Order.

16. Except as provided herein, all Discovery Materials designated as CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY INFORMATION shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants (including Consumer Survey Experts) who have complied with Paragraph 6, (iii) no more than eight designated employees of each Party who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who have executed Exhibit A attached hereto (with a copy served on the opposing party); (iv) Scott E. Rogers of Scandaglia & Ryan and Henry Gweon of Aurora World, Inc.; and (v) the Court, pursuant to the terms of this Protective Order.

17. In addition to the authorized persons listed in Paragraphs 15 and 16 with respect to Documents designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, any person indicated on the face of the Document to be its originator or author or a recipient thereof may be shown the Document. Additionally, any Document designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION may be shown during a deposition to the deposition witness if the witness is employed, at the time

of his or her deposition, by the party that produced the Document so designated during the deposition of that person.

18. Nothing contained in this Protective Order shall preclude the Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

19. CONFIDENTIAL INFORMATION and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

The enclosed materials are subject to a Protective Order of the United States District Court for the Central District of California. This envelope may not be opened without Court Order by any person other than this Court, court personnel or counsel of record.

In order to enable the Court to determine whether there is evidence which the Court should attempt not to disclose, if a party or non-party files with the Court any documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all such documents shall clearly identify the particular aspects of the documents that contain, refer to, or rely upon such CONFIDENTIAL INFORMATION. Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings.

20. No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to

PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL MATERIAL
LA 128,871,453v1 5-25-10

other materials or information referred to in the materials produced, so long as a request for the return of such documents or information is made within ten (10) Court days after the Producing Party learns of its inadvertent production. Within five (5) Court days of such request, the Receiving Party shall return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

21. If CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, or any portion thereof is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, and to bind such person to the terms of this Protective Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Non-Disclosure Agreement attached hereto as Exhibit A.

22. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection regarding materials or information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, or relief from this Protective Order. In any such request to the Court, the party seeking to withhold certain materials from disclosure, or to obtain relief from this Protective Order, shall bear the burden of showing why such disclosure should not be permitted or why such relief should be granted.

23. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, nor the source of any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, to anyone not authorized to receive such Discovery Materials pursuant to the terms of this Protective Order.

24. Notwithstanding any other provision of this Protective Order, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply (as the case may be) to any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, that:

    (1) at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    (2) has become, through no act or failure on the part of the Receiving Party, part of the public domain by authorized publication or otherwise lawful means;

    (3) at the time of disclosure, was already in the lawful possession of the Receiving Party;

    (4) after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing such CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and having no confidentiality obligation to the Producing Party;

(5) the Producing Party agrees may be disclosed to a third party under no confidentiality obligation; or

(6) the Court, after notice to the parties and upon good cause, orders to be disclosed.

25. In the event that the case proceeds to trial, the parties will consult with one another and jointly or individually move the Court for safeguards allowable by the Court to maintain the protected status of any information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this Protective Order, or to implement alternative or additional protections for such information at trial.

26. If a Receiving Party in possession of Discovery Materials designated as CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, receives a subpoena or other request from a non-party to this action seeking production or other disclosure of such Discovery Materials, the Receiving Party shall immediately give written notice to the Producing Party, specifying the Discovery Materials sought and enclosing a copy of the request, subpoena or other form of compulsory process. The Receiving Party shall not produce or otherwise disclose any Discovery materials containing CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, without prior written authority from the Producing Party or order of a Court.

27. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

28. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

29. Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION. Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, under the provisions of this Order.

30. All Discovery Materials together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, and any documents containing such information, shall be destroyed or returned to the respective Producing Party, and as preferred by the Producing Party, within thirty (30) calendar days after the entry of final judgment and conclusion of any and all appeals, or the final settlement of this case, and certify in writing that it has done so. Notwithstanding the foregoing, outside Counsel may maintain archival copies of pleadings, motion papers, legal memoranda, correspondence and work product that contain any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION. At all times while in existence, such archival copies shall be treated pursuant to the terms of this Protective Order.

31. All notices, objections and other communications required or permitted to be made pursuant to any provision of this Protective Order shall be in writing.

Case 2:09-cv-08463-MMM-E Document 63-1 Filed 05/26/10 Page 15 of 16

Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request. This Court shall retain jurisdiction over the subject matter of this Order and the parties herein for purposes of enforcing this Order.

**IT IS SO ORDERED**.

DATED: 5/26/10

Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA WORLD, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TY, INC., <br><br> Defendants. | CASE NO. CV09-8463 MMM (Ex) <br><br> **ACKNOWLEDGEMENT OF CONFIDENTIALITY ORDER AND AGREEMENT TO BE BOUND** |

I acknowledge that I have been given a copy of, read, and understand the Stipulation and Protective Order Governing the Use of Confidential Material ("Protective Order") entered in the above-captioned lawsuit.

I further acknowledge and agree to comply with the terms of the Protective Order and be bound by it. I acknowledge, understand, and agree that by receiving confidential information hereunder I am subject to penalty for contempt of court for any violation of the terms of the Protective Order.

Dated: _____

_____
Name of Individual to whom
disclosure will be made

_____
Address, including County and
State of Residence